IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUAN RAMON LAZO ROMERO,
　　　　　　*Petitioner*,

　　v.

ROBERT GUADIAN, *et al.*,
　　　　　　*Respondents*.

1:26-cv-00260-MSN-IDD

<u>ORDER</u>

Juan Ramon Lazo Romero ("Petitioner") has filed a five-count Petition for Writ of Habeas

Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained

by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement

("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant

for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under

8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I), the

Administrative Procedure Act (Count II), his due process rights (Count III), and an order of the

Federal District Court for the Central District of California in *Maldonado Bautista v. Santacruz,*

*Jr.*, No. 5:25-cv-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (Count IV). Petitioner

further alleges that DHS has unlawfully revoked his prior release on bond without a showing of

changed circumstances (Count V).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia.

ECF 1 ¶ 11. He has sued Robert Guadian, the Field Office Director of ICE Enforcement and

Removal Operations Washington Field Office; Kristi Noem, the DHS Secretary; and Pamela

Bondi, the Attorney General (collectively "Federal Respondents"). *Id*. at 1.

In response to the Court's Order of January 28, 2026 (ECF 2), Federal Respondents have stated that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.). ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case. The Federal Respondents did not, however, respond to Count V of the Petition or Petitioner's arguments for why he is entitled to immediate release. For the reasons that follow, the Court concludes that it must grant the Petition as to Count V and order Petitioner's release.[1]

## I.    BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States in 2015. *Id.* at ¶ 38. Upon entering the United States, ICE processed Petitioner and released him on bond. *Id.* Petitioner subsequently moved to Chantilly, Virginia, where he lives with his 7-year-old son and two of his cousins. *Id.* at ¶ 39. On January 17, 2026, ICE agents stopped Petitioner on his way to work after dropping his son off at school. *Id.* at ¶ 43. ICE transferred Petitioner to the Farmville Detention Center, where he has been detained since his arrest. *Id.* Petitioner alleges, among other things, that ICE has unlawfully revoked his bond under 8 U.S.C. § 1226(b). While Petitioner has not filed a motion for custody redetermination, he contends that he is effectively foreclosed from doing so as a result of the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).[2]

---

[1]    Because the Court grants the Petition as to Count V, it need not address Petitioner's other claims.

[2]    Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim.

## II.   ANALYSIS

The first question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of

---

[3]     *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly ten years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a).

Having concluded that Petitioner is detained pursuant to § 1226(a), the Court must next consider whether his continued detention without bond—after having been previously granted release on bond—is lawful. Under § 1226(b), DHS "may revoke a bond or parole authorized under [§ 1226(a)], rearrest the alien under the original warrant, and detain the alien." U.S.C. § 1226(b). But "[t]he BIA has held that, 'where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance.'" *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom.*

4

*Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981)); *see also Chaudhari v. Crawford*, 1:25-cv-01772 (LMB/IDD), 2025 WL 3896287, at *4 (E.D. Va. Oct. 23, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988, at *9, 2025 WL 2370988 (D. Mass. Aug. 14, 2025). The record here reflects no change in circumstances that could justify the revocation of Petitioner's bond. Indeed, Federal Respondents have submitted no facts or argument contesting Petitioner's claim that his bond was wrongfully revoked. *See* ECF 4.

As this Court has explained, the revocation of a petitioner's bond with no justification or changed circumstances violates a petitioner's right to due process. *See Luna Sanchez v. Bondi*, 1:25-cv-01888-MSN-IDD, 2025 WL 3191922, at *4-5 (E.D. Va. Nov. 14, 2025). The Court adopts and incorporates its reasoning in *Luna Sanchez* here and concludes that, because Petitioner's continued detention violates his right to due process, he is entitled to immediate release. *Id.* at *5; *see also, e.g.*, *Chaudhari*, 2025 WL 3896287, at *4 (determining that petitioner's detention is unlawful and requiring release where DHS revoked petitioner's bond without justification); *dos Santos v. Noem*, 2025 WL 2370988, at *9 (same).

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be released from custody on the bond that was set in 2015, no later than 4:00 pm on Monday, February 2, 2026, with all his personal property; and it is further

ORDERED that Petitioner's counsel immediately provide the Court and Federal Respondents with a fixed address for Petitioner's release so that DHS may notify him of future bond proceedings[4]; and it is further

---

[4]    Petitioner should redact personal identifiers or file those documents under seal.

5

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

January 30, 2026
Alexandria, Virginia

6